990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro SANCHEZ-OVIEDA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro SANCHEZ-OVIEDA, Defendant-Appellant.
 No. 91-50422.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided April 12, 1993.
 
 ORDER
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 The appellee's petition for rehearing is granted. The memorandum disposition filed June 18, 1992 is withdrawn.
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alejandro Sanchez-Ovieda appeals his sentence under the United States Sentencing Guidelines, imposed following a guilty plea, for transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(B). Sanchez-Ovieda contends that the district court erred by not stating its reasons for the extent of the upward departure from the applicable Guidelines range. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We consider the following three-part test in evaluating a district court's decision to depart upward from the applicable Guidelines range: (1) we review de novo whether the district court identified an aggravating circumstance of a kind or degree not adequately taken into account by the Sentencing Commission; (2) we review for clear error the district court's factual findings supporting the existence of the aggravating circumstance; and (3) we review for abuse of discretion whether the extent of the departure was reasonable. United States v. Cruz-Ventura, No. 91-50720, slip op. 11455, 11459 (9th Cir. Sept. 22, 1992); United States v. Ramirez-Jiminez, 967 F.2d 1321, 1328 (9th Cir.1992).
 
 
 4
 a. Authority to Depart/Factual Findings
 
 
 5
 Here, the district court identified Sanchez-Ovieda's participation in a dangerous high speed chase with seven illegal aliens in the truck as the aggravating circumstance. The Guidelines allow the district court to consider an upward departure in these circumstances. See U.S.S.G. § 2L1.1, comment. (n. 8); see also Cruz-Ventura, No. 91-50720, slip op. at 11464. Sanchez-Ovieda does not dispute the factual circumstances on which the district court based its decision to depart. Therefore, the first two prongs of the test are satisfied. See Cruz-Ventura, No. 91-50720, slip op. at 11464; see also Ramirez-Jiminez, 967 F.2d at 1328.
 
 
 6
 b. Extent of the Departure
 
 
 7
 Sanchez-Ovieda contends that the district court erred by not stating its reasons for the extent of the upward departure. We agree.
 
 
 8
 Here, based on an adjusted offense level of 7 and criminal history category of V, Sanchez-Ovieda's sentencing range was 12 to 18 months imprisonment. See U.S.S.G. § 5A. The district court departed upward by 12 months, imposing a 30-month sentence. The district court, however, failed to articulate any "reasoned explanation" for the extent of the upward departure.
 
 
 9
 Because the district court failed to tie the extent of the departure to the Guidelines, we vacate the sentence and remand the case for resentencing. See Ramirez-Jiminez, 967 F.2d at 1329. The district court is instructed to provide a reasonable explanation for the extent of the departure by analogy to the Guidelines. See Cruz-Ventura, No. 91-50720, slip op. at 11465.[1]
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sanchez-Ovieda also contends that the district court erred by basing the extent of the upward departure on Mexican law, and an unsupported, de facto finding that his criminal history category was insufficient. We have examined these contentions and find that they lack merit